**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1367**

FRANKL MILLER WEBB & MOYERS, LLP,

Plaintiff - Appellee,

v.

CREST ULTRASONICS CORPORATION,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Henry E. Hudson, Senior District Judge, sitting by designation.  (7:19-cv-00143-HEH-RCY)

Submitted:  August 17, 2021                    Decided:  September 28, 2021

Before GREGORY, Chief Judge, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Thomas, MICHIEHAMLETT, PLLC, Charlottesville, Virginia, for Appellant. Melissa W. Robinson, GLENN ROBINSON CATHEY MEMMER & SKAFF, PLC, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Crest Ultrasonics Corporation ("Crest") appeals the district court's orders granting Frankl Miller Webb & Moyers, LLP ("Frankl Miller") summary judgment on liability and awarding Frankl Miller $165,404.46 in damages following a bench trial on Frankl Miller's breach of contract claim arising out of its representation of Crest in a products liability lawsuit. We affirm.

"We review a district court's grant of summary judgment de novo." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (citation and internal quotation marks omitted). Summary judgment is appropriate "'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). In making this determination, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Id.* (alterations, citations, and internal quotation marks omitted).

To establish a breach of contract claim under Virginia law, a plaintiff must show "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Navar, Inc. v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016) (citation and internal quotation marks omitted). Contrary to Crest's arguments on appeal, whether Frankl Miller adequately mitigated its damages is not relevant to whether Crest was liable for breach of contract. *See Monahan v. Obici Med. Mgmt. Servs., Inc.*, 628 S.E.2d 330, 337 (Va. 2006) ("[M]itigation of damages is not a defense that, if proven,

2

constitutes an absolute bar to the plaintiff's claim."). Accordingly, we affirm the district court's order granting Frankl Miller summary judgment on the issue of liability.

Turning to the district court's order awarding damages, "[w]e review judgments resulting from a bench trial under a mixed standard of review: factual findings may be reversed only if clearly erroneous, while conclusions of law are examined de novo." *United States v. Landersman*, 886 F.3d 393, 406 (4th Cir. 2018) (citation and internal quotation marks omitted). "In reviewing an award of compensatory damages . . ., we affirm the award unless it is against the clear weight of the evidence, based upon evidence that is false, or would result in a miscarriage of justice." *Randall v. Prince George's Cnty.*, 302 F.3d 188, 202 (4th Cir. 2002). Our review of the record reveals no reversible error with respect to the district court's damages award.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*